KAPLAN YOUNG
KORY L. KAPLAN, ESQ.
Nevada Bar No. 13164
Email: kory@kaplanyoung.com
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
Telephone: (702) 381-8888
Facsimile: (702) 832-5559
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOVA INY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SIMON PROPERTY GROUP LIMITED PARTNERSHIP d/b/a THE SHOPS AT CRYSTALS; SCHINDLER ELEVATOR CORPORATION; DOES I-X and ROE ENTITIES XI-XX, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:23-cv-00426-APG-DJA<br><br>**AMENDED ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

On May 1, 2023, the undersigned counsel conferred in accordance with Fed. R. Civ. P. 26(f). The parties hereby jointly submit the following **Proposed Discovery Plan and Scheduling Order** required by Fed. R. Civ. P. 26(f) and pursuant to this Court's May 18, 2023 Order [ECF No. 15].

**1.   Proposed Deadline for Amending Pleadings and Joining Additional Parties.**

The parties agree that a reasonable deadline for amending pleadings and joining additional parties is January 11, 2024.

**2.   Magistrate.** The parties have conferred and do not consent to a trial by a magistrate judge or the use of the Short Trial Program.

**3.   Proposed Discovery Plan:**

**a. Initial Disclosures.** The Fed. R. Civ. P. 26(f) conference was held on May 1, 2023. The parties agree that the deadline to exchange initial disclosures should be May 26, 2023.

**b. Subjects and potential phasing of Discovery.** The parties anticipate conducting discovery in this action regarding: (1) the claims and allegations in Plaintiff's Complaint; (2)

Defendants' affirmative and other defenses thereto; and (3) expert witnesses identified by the parties. Specifically, each party intends to pursue discovery related to the subject incident and injuries to Plaintiff. The parties do not propose phasing discovery.

**c. Reasons for Special Scheduling Review Pursuant to LR 26-1(a).** The parties have chosen deadlines which are longer than LR 26-1's standard deadlines because the case involves complex litigation involving alleged product defects. Specifically, Plaintiff alleges a strict product liability claim related to an escalator at The Shops at Crystals in Las Vegas, Nevada. Escalators, as opposed to simple products with few parts, are made up of a vast number of mechanical component parts. In order to prosecute and defend a product liability claim, parties must—through fact and expert discovery—identify which component part(s) are at issue in this case, determine the alleged cause of the incident, and whether the escalator caused any of Plaintiff's alleged injuries. This will require extensive expert discovery, with likely 1-2 liability experts per party of experts who live in different states across the country, requiring extensive travel for preparation and depositions, and coordinating these experts and counsel for a site inspection. In addition, Plaintiff alleges injuries to her back, neck, shoulders, arms, hands, buttocks, hips, and legs, along with difficulty walking and loss of sleep. These alleged areas of injury will require additional extensive expert discovery, with likely 1-4 damages experts per party, and extensive fact discovery, given Plaintiff has already disclosed the names of 8 treating facilities—including one facility that performed Plaintiff's neck surgery—and the parties may be required to depose a number of treaters. If Plaintiff alleges that she is unable to work in the future, additional fact and expert discovery will be required on those topics. As for fact witnesses, other than those listed above, Plaintiff anticipates deposing multiple corporate officers of the two current corporate defendants that likely span multiple states, and it appears that several bystanders were present at the time of the incident, which will necessitate investigation and depositions of these non-parties.

In addition, Schindler's Motion to Dismiss, which was filed March 29, 2023, is fully briefed but still pending. [ECF No. 8]. This Motion seeks relief from the Court to dismiss Plaintiff's (1) Negligent Hiring, Training, Supervision and/or Retention claim; (2) Breach of

Warranty claim; and (3) claim for punitive damages. The outcome of this Motion will help shape the allowable discovery in the case—for example, how much and to what extent Defendants' hiring, training and supervision of its employees are relevant and what is discoverable in the case—and the additional time requested will allow the Court to rule on the Motion and assist the parties in determining the scope of discovery.

Finally, the parties anticipate that this lawsuit may be ripe for early resolution discussions. The additional time requested will allow the parties to dutifully complete the necessary discovery before beginning informal settlement negotiations and/or formal mediation. The additional time in discovery will allow the parties to complete these settlement discussions prior to the close of discovery and avoid wasting the Court's time or resources.

Pursuant to Local Rule 26-1(b)(1), the date that the first defendant in this case answered and/or otherwise appeared was March 29, 2023 when Schindler filed its Motion to Dismiss. [ECF No. 8]. The current proposed discovery cutoff date is April 11, 2024, which is a little more than one year from March 29, 2023. The parties initially discussed requesting a discovery cutoff deadline in February 2024; however, this schedule would have placed the expert discovery deadlines during the holiday season. Expert witnesses often have difficulties finalizing reports and scheduling depositions during the holiday seasons due to their schedules, so the parties elected to push the discovery cut-off deadline (and with it, the expert disclosure deadlines) in this case out an additional 60 days to the current April 11, 2024 date in an attempt to avoid the inevitable expert scheduling issues.

For these reasons, the parties estimate that the standard time will not be sufficient to complete discovery. In an abundance of caution, the parties jointly elect to reserve more time initially for the completion of discovery.

**d. Electronically stored information.** No issues at this time. The parties will meet and confer should any issues arise prior to involving the Court.

**e. Privilege issues.** The parties anticipate stipulating to a protective order regarding confidential and proprietary information.

**f. Proposed limitations on discovery.** None at this time.

3

**g. Discovery related orders.** None at this time.

**h. Expert related discovery.** The parties agree that a staggered expert disclosure is appropriate in this case because of the nature of Plaintiff's negligence and product liability claims. Staggered expert disclosures will allow Plaintiff's experts to define the scope of their specific product-related claims and defect theories as they relate to the subject elevator. With this schedule, Defendants will only be required to rebut Plaintiff's specific claims and respond to Plaintiff's expert opinions, and not opine as to the entire scope and fitness of the subject elevator and its component parts. This is in line with the Advisory Committee Notes to FRCP 26 regarding expert deadlines, which states: Normally the court should prescribe a time for these [expert] disclosures in a scheduling order under [FRCP] 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue. 1993 Advisory Committee Notes to Fed. R. Civ. P. 26; *see also Mabrey v. United States*, 2:05- CV00051RLH-GWF, 2006 WL 1891127, at *4 (D. Nev. July 7, 2006) (relying on the 1993 Advisory Committee Notes and *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys*., Inc., C01-20418 JW, 2005 WL 1459572, at *2 (N.D. Cal. June 21, 2005) in declining to sanction a defendant who disclosed expert witnesses after plaintiff's initial disclosure deadline without a court order authorizing staggered expert disclosure deadlines: "[T]he Advisory Notes also indicate that in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures[.]"). Therefore, the parties jointly request that the disclosure of experts shall proceed as follows:

Plaintiff's initial expert disclosures will be made by January 11, 2024, and Plaintiff's rebuttal experts will be disclosed by March 11, 2024. Defendants' initial expert and rebuttal expert disclosures will be disclosed by February 9, 2024.

**4.** **a. Proposals for prompt case resolution.** The parties believe the case may be resolved or narrowed through summary judgment motions after some initial discovery.

**b. Alternative dispute resolutions**. The parties have conferred and discussed settlement and agree to revisit the issue after some discovery has been conducted.

      **c. Related cases.** None.

      **d. Discovery management.** The parties believe they can cooperate in the management of discovery.

      **e. Preservation of discoverable information.** No issues at this time.

    **5. Date by which discovery can be completed.** April 11, 2024.

    **6. Dispositive motion deadline.** May 13, 2024.

    **7. Joint pretrial order deadline.** June 10, 2024, or in the event that the Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

    **8. Extension of Discovery Deadline:** Requests to extend the discovery shall comply with Federal Rule of Civil Procedure 16 and LR 26-3.

    **9. Discovery Phasing.** None.

    **10. Scheduling Conference.** The parties agree that there is no need for a scheduling conference prior to a scheduling order being issued in this case.

Dated this <u>25th</u> day of May, 2023.

**KAPLAN YOUNG**

 /s/ Kory L. Kaplan
KORY L. KAPLAN, ESQ.
Nevada Bar No. 13956
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

. . .

. . .

. . .

. . .

Dated this 25th day of May, 2023.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

/s/ Jonathan A. Rich
LARRY H. LUM, ESQ.
Nevada Bar No. 14914
KAREN L. BASHOR, ESQ.
Nevada Bar No. 11913
JONATHAN A. RICH, ESQ.
Nevada Bar No. 15312
6689 Las Vegas Boulevard, South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant Simon Property Group Limited Partnership*

Dated this 25th day of May, 2023

**EVANS FEARS & SCHUTTERT LLP**

/s/ Alexandria L. Layton
JAY J. SCHUTTERT, ESQ.
Nevada Bar No. 8656
ALEXANDRIA L. LAYTON, ESQ.
Nevada Bar No. 14228
PAIGE S. SILVA, ESQ.
Nevada Bar No. 16001
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
*Attorneys for Defendant Schindler Elevator Corporation*

## **SCHEDULING ORDER**

The above-set stipulated Discovery Plan of the parties shall be the Scheduling Order for this action.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 30, 2023

Submitted by:

KAPLAN YOUNG

/s/ Kory L. Kaplan
KORY L. KAPLAN, ESQ.
Nevada Bar No. 13164
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

6