KAPLAN YOUNG
KORY L. KAPLAN
Nevada Bar No. 13164
Email: kory@kaplanyoung.com
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
Telephone: (702) 381-8888
Facsimile: (702) 832-5559
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOVA INY,<br><br>  Plaintiff,<br><br>vs.<br><br>THE CRYSTALS LAS VEGAS, LLC;<br>SCHINDLER ELEVATOR CORPORATION;<br>DOES I-X and ROE ENTITIES XI-XX,<br>inclusive,<br><br>  Defendants. | Case No.: 2:23-cv-00426-APG-DJA<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, TOVA INY, by and through her undersigned counsel, for her First Amended Complaint against Defendants THE CRYSTALS LAS VEGAS, LLC; SCHINDLER ELEVATOR CORPORATION; DOES I-X and ROE ENTITIES XI-XX, inclusive (collectively, "Defendants"), alleges as follows:

**I.**

**THE PARTIES, JURSDICTION AND VENUE**

1. Plaintiff Tova Iny ("Plaintiff") is, and at all relevant times hereto was, an individual resident of Clark County, Nevada.

2. Upon information and belief, The Crystals Las Vegas, LLC ("Crystals") is, and at all relevant times hereto was, a Delaware corporation licensed to and doing business in Clark County, Nevada.

3. Upon information and belief, Defendant Schindler Elevator Corporation ("Schindler," collectively with Crystals, "Defendants") is, and at all relevant times hereto was, a

Delaware corporation licensed to and doing business in Clark County, Nevada.

4. Defendants designated herein as Does and Roe Entities are individuals and legal entities that are liable to Plaintiff for the claims set forth herein, including, but not limited to, possible alter egos or successors-in-interest of Defendants. Certain transactions, and the true capacities of Does and Roe Entities, are presently unknown to Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to assert the true names and capacities of such Doe and Roe Entities when more information has been ascertained.

5. This Court has personal jurisdiction over all Defendants as, at all times relevant hereto, a substantial part of the events or omissions giving rise to the claims occurred in whole or in part in Clark County, Nevada. Thus, jurisdiction and venue are proper in Clark County, Nevada.

## II.

## GENERAL ALLEGATIONS

6. Plaintiff repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

7. On or about June 24, 2021, Plaintiff was a patron at the Shops at Crystals located at 3720 South Las Vegas Boulevard, Las Vegas, Nevada 89158 (the "Property").

8. Plaintiff entered the escalator at the Property when, several moments later, the escalator abruptly stopped and started, causing Plaintiff to fall and sustain significant injuries.

9. Upon information and belief, at all times relevant herein, Crystals owned, controlled and/or maintained the Property, including the escalator at the Property.

10. Upon information and belief, at all times relevant herein, Schindler inspected, repaired, retrofitted, installed, tested, serviced, maintained and/or had a part in the maintenance of the escalator at the Property,

11. At all times relevant herein, Defendants caused, maintained, and/or created the operating conditions present with the escalator at the Property.

. . .

## III.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Negligence)**

12.     Plaintiff repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

13.     Defendants owe all patrons a duty of reasonable care for risks that exist at the Property.

14.     Defendants, and each of them, had a duty of care to ensure the safety of the escalator at the Property, including but not limited to the maintenance, management, safety, operation, and/or ownership of the escalator at the Property.

15.     Defendants, and each of them, had a duty to act reasonably and prudently in designing, manufacturing, assembling, installing, maintaining, re-designing, retrofitting, testing, cleaning, inspecting, repairing, managing, operating, and/or overseeing the subject escalator, overseeing safety, and/or warning guests, patrons, and/or invitees.

16.     Defendants, and each of them, knew or should have known that the escalator at the Property existed as an unreasonably dangerous condition because the escalator was operated in a manner that caused the escalator to abruptly stop, causing Plaintiff to fall.

17.     The subject escalator that Plaintiff rode was designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce by Defendants, and was used for its intended purpose.

18.     The subject escalator was defective and not reasonably fit for the purposes and uses for which it was intended in that the product was unreasonably dangerous for its intended use, defectively designed and Defendants failed to give the users adequate warnings or instructions concerning the dangers which may flow from the use or foreseeable misuse of the subject escalator that were known or should have been known to the Defendants by the application of reasonably developed skill and foresight. The escalator reached consumers and/or guests and/or invitees and/or patrons and/or the public, including but not limited to Plaintiff, in

the defective and dangerous condition. The failure to warn on the part of the Defendants, defective design, and defective manufacture rendered the escalator unreasonably dangerous at the time and were the proximate cause of the injuries, disabilities and damages sustained by Plaintiff.

19. Due to the actions and/or omissions of Defendants, and each of them, including but not limited to the failure to properly inspect, maintain, operate, install, and/or ensure the safety of the subject escalator and the Property and/or warn Plaintiff of the sudden and unexpected stop of the escalator, and/or failure to properly manufacture the escalator, Plaintiff was caused to fall, due to the unreasonably dangerous condition and failure to warn, resulting in significant and traumatic physical injuries to Plaintiff.

20. The staff of Defendants provided no measurable assistant during the incident.

21. Defendants had a duty not to create or allow to exist any dangerous or hazardous conditions that could cause an unreasonable risk of harm to patrons.

22. Defendants had a duty to keep the Property and/or escalator in a safe condition including, but not limited to, remedying and/or curing any dangerous and hazardous conditions that could cause an unreasonable risk of harm to patrons.

23. Defendants had a duty to exercise due care and not injure patrons of the Property.

24. Upon information and belief, the dangerous and hazardous condition was caused as a direct result of Defendants' failure to control, supervise, repair, and/or maintain the escalator in a reasonable and safe manner.

25. Defendants knew, or should have known, that there was an unreasonable risk of harm to patrons.

26. Defendants knew, or should have known, that this unreasonable risk of foreseeable harm is increased due to the lack of training, supervision, or control of its employees.

27. Defendants breached their duty by failing to keep the escalator at the Property in a safe condition.

28. Defendants, by and through their employees, agents and representatives, were

careless, negligent, grossly negligent, and/or reckless, generally as follows:

    A.    failing to properly clean, maintain, repair, inspect, and/or test the escalator;

    B.    failing to remedy known defects or incorporate code required features in the escalator;

    C.    failing to have appropriate warnings relative to the dangerous condition which caused the escalator to malfunction;

    D.    failing to ensure the escalator was safe for its known capacity and use;

    E.    failing to equip the escalator with appropriate safety devices, such as demarcation lights, visual cues, readily accessible emergency shutoff controls, and other devices;

    F.    failing to identify metal and/or weld fatigue and/or damage;

    G.    failing to properly design, test, manufacture, install, assemble, inspect, clean, lubricate, repair, ensure the safety of and/or maintain the escalator in a safe condition;

    H.    creating or maintaining the dangerous condition;

    I.    failing to exercise reasonable care under the circumstances;

    J.    failing to warn;

    K.    causing and/or allowing the escalator to operate in a manner that caused the escalator to suddenly stop operating, and caused Plaintiff to fall;

    L.    causing and/or allowing the escalator to be dangerously and unreasonably narrow;

    M.    failing to remedy the hazardous condition(s);

    N.    failing to properly inform and prepare the Plaintiff for the dangers posed by the inherently dangerous and hazardous activities taking place on the Property;

    O.    failing to properly hire, train, monitor, and supervise all employees to ensure that they properly maintain, and inspect the area of the Property and/or property warn, inform and prepare patrons and customer of and for the dangers existing on the Property;

    P.    negligent safety, security, failure to conduct safety sweeps and/or failure to report

shutdowns, failure to report safety device trips or failures, failure to abide by policies and procedures, failure to abide by the terms and warranties or other promises or conditions within an escalator maintenance agreement by the Defendants and each of them;

Q. failing to properly install, program, set, calibrate, design, manufacture, assemble, and/or turn on safety devices;

R. violations of certain statutes, ordinances and building codes, which Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial; and

S. being otherwise negligent, careless, grossly negligent and/or reckless as may appear from the facts that may be determined during discovery or at trial.

29. As a result of Defendants' actions, it was foreseeable that Plaintiff would be injured.

30. Defendants' negligence in failing to use due care was the proximate and legal cause of this incident and Plaintiff's damages.

31. Defendants breached their duty by failing to maintain a safe environment by remedying and/or curing dangerous and hazardous conditions that could cause an unreasonable risk of harm to patrons.

32. Defendants negligently, carelessly, and/or recklessly created, maintained, and/or allowed the dangerous and hazardous conditions to exist.

33. As a direct and proximate result of Defendants' conduct, Plaintiff sustained personal injuries, all or some of which may be permanent and disabling, and all to Plaintiff's damages in an amount in excess of $15,000.00.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred past medical bills, anticipated future medical bills, past wage loss, and/or other damages in an amount to be proven at trial in excess of $15,000.00.

35. As a further direct and proximate result of Defendants' conduct, Plaintiff has and will continue to incur pain and suffering and emotional distress, in an amount in excess of

$15,000.00.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney to prosecute this claim and is entitled to be compensated for any costs incurred in the prosecution of this action, including without limitation, any and all costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### (Strict Product Liability)

37. Plaintiff repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

38. At all times relevant herein, Defendants controlled, maintained, oversaw and/or were otherwise responsible for the safety and operation of the escalator at the Property.

39. At all times relevant herein, Defendants inspected, oversaw, controlled, maintained, cleaned, manufactured, inspected, assembled, installed, sold, and/or were otherwise responsible for ensuring the safe and proper functioning of the elevator.

40. At all times relevant herein, Defendants breached their duties.

41. The subject escalator was a dangerous and hazardous condition, was not safe, did not have adequate warnings, had inadequate visual cues, had inadequate safety features, was negligently designed, manufactured, assembled, installed, and/or maintained in a dangerous and hazardous condition, and/or was not functioning correctly and/or safely, resulting in injuries and damages to Plaintiff.

42. The subject escalator that Plaintiff rode was designed, produced, manufactured, marketed, sold and/or otherwise put into the stream of commerce by Defendants, and was used for its intended purpose, by those intended to use it, including but not limited to Plaintiff.

43. Plaintiff will further show that the subject escalator was defective and not reasonably fit for the purposes and uses for which it was intended at the time it left the hand of the Defendants in that the product was unreasonably dangerous for its intended use, defectively designed, manufactured, assembled, installed, and Defendants failed to give the users adequate warnings or instructions concerning the dangers which may flow from the use or foreseeable

misuse of the subject escalator that were known or should have been known to Defendants by the application of reasonably developed skill and foresight. The failure to warn on the part of the Defendants, defective design and defective manufacture and/or assembly and/or installation rendered such products unreasonably dangerous at the time they left the hands of the Defendants and were the proximate cause of the injuries, disabilities and damages sustained by Plaintiff.

44. Defendants, by and through their employees, agents and representatives, were careless, negligent, grossly negligent, and/or reckless generally and as follows:

A. failing to properly design, manufacture, clean, assemble, install, maintain, repair, and/or inspect the escalator;

B. failing to remedy known defects in the escalator;

C. failing to have appropriate warnings relative to the dangerous condition which caused the escalator to malfunction;

D. failing to ensure the escalator was safe for its known capacity and use;

E. failing to equip the escalator with appropriate safety devices, such as demarcation lights, visual cues, readily accessible emergency shutoff controls, and other devices;

F. failing to properly install, program, set, calibrate, design, manufacture, assemble, and/or turn on safety devices;

G. failing to identify metal and/or weld fatigue and/or damage;

H. creating or maintaining the dangerous condition;

I. failing to exercise reasonable care under the circumstances;

J. failing to warn;

K. failing to properly design, test, manufacture, install, assemble, inspect, clean, lubricate, repair, ensure the safety of and/or maintain the escalator in a safe condition;

L. causing and/or allowing the escalator to operate in a manner that caused the escalator to suddenly stop operating, and caused Plaintiff to fall;

M. causing and/or allowing the escalator to be dangerously and unreasonably narrow;

N.   failing to remedy the hazardous condition(s);

O.   failing to properly inform and prepare the Plaintiff for the dangers posed by the inherently dangerous and hazardous activities taking place on the Property;

P.   failing to properly hire, train, monitor, and supervise all employees to ensure that they properly maintain, and inspect the area of the Property and/or property warn, inform and prepare patrons and customer of and for the dangers existing on the Property;

Q.   negligent safety, security, failure to conduct safety sweeps and/or failure to report shutdowns, failure to report safety device trips or failures, failure to abide by policies and procedures, failure to abide by the terms and warranties or other promises or conditions within an escalator maintenance agreement by the Defendants and each of them;

R.   violations of certain statutes, ordinances and building codes, which Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial; and

S.   being otherwise negligent, careless, grossly negligent and/or reckless as may appear from the facts that may be determined during discovery or at trial.

45.   As a direct and proximate result of Defendants' conduct, Plaintiff sustained personal injuries, all or some of which may be permanent and disabling, and all to Plaintiff's damages in an amount in excess of $15,000.00.

46.   As a direct and proximate result of Defendants' conduct, Plaintiff has incurred past medical bills, anticipated future medical bills, past wage loss, and/or other damages in an amount to be proven at trial in excess of $15,000.00.

47.   As a further direct and proximate result of Defendants' conduct, Plaintiff has and will continue to incur pain and suffering and emotional distress, in an amount in excess of $15,000.00.

48.   As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney to prosecute this claim and is entitled to be

compensated for any costs incurred in the prosecution of this action, including without limitation, any and all costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**(Negligence Per Se)**

49. Plaintiff repeats, re-alleges and incorporates the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

50. At all times relevant herein, Defendants designed, manufactured, assembled, installed, maintained, redesigned, retrofitted, inspected, repaired, and/or oversaw the subject escalator.

51. At all times relevant herein, Defendants had a duty to act reasonably in designing, manufacturing, assembling, installing, maintaining, re-designing, retrofitting, inspecting, repairing, and/or overseeing the escalator pursuant to the American Society of Mechanical Engineers, *Safety Code for Elevators and Escalators*, A17.1 (hereinafter referred to as "ASME A17.1").

52. Defendants had a duty to act reasonably pursuant to ASME A17.1, in order to make the escalator safe for use

53. Defendants had a duty to inspect the escalator and advise of any deficiencies in the design, manufacture, assembly, installation, cleaning, safety features, escalator parts, steps, handrails, and/or tensioning device, and any other operational deficiencies, defects, hazards, improper manufacture or defects, improper assembly, and the owners/operators/security/ safety/inspectors had a duty to inspect and call the maintenance company for shut downs, hazards, code violations, dangerous conditions, and other violation of ANSI/ASME, NRS 455C, NAC 455C and/or other codes, regulations, and/or statutes.

54. Defendants knew or should have known that the escalator was not reasonably safe to use in violation of ASME A17.1.

55. ASME A17.1 was and is intended to protect patrons and/or invited guests who utilize the escalator and that the Plaintiff was a member of the class intended to be protected by ASME A17.1. The ASME A17.1 provisions were adopted by the Nevada legislature, Nevada

Division of Industrial Relations of the Department of Business and Industry, and implemented as law in Nevada pursuant to NRS 455C.110 and Nevada Administrative Code (hereinafter referred to as "NAC") 455C.500.

56. The injuries suffered by the Plaintiff were the type against which ASME A17.1 was and is intended to protect.

57. Defendants, and each of them, breached their duties imposed by law and are negligent per se.

58. As a direct and proximate result of Defendants' conduct, Plaintiff sustained personal injuries, all or some of which may be permanent and disabling, and all to Plaintiff's damages in an amount in excess of $15,000.00.

59. As a direct and proximate result of Defendants' conduct, Plaintiff has incurred past medical bills, anticipated future medical bills, past wage loss, and/or other damages in an amount to be proven at trial in excess of $15,000.00.

60. As a further direct and proximate result of Defendants' conduct, Plaintiff has and will continue to incur pain and suffering and emotional distress, in an amount in excess of $15,000.00.

61. As a direct and proximate result of Defendants' conduct, Plaintiff has been required to retain the services of an attorney to prosecute this claim and is entitled to be compensated for any costs incurred in the prosecution of this action, including without limitation, any and all costs and attorney's fees.

## IV.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that judgment be entered in her favor and against Defendants The Crystals Las Vegas, LLC, Schindler Elevator Corporation, Does I-X and Roe Entities XI-XX, inclusive, jointly and severally, as follows:

1. For actual and compensatory damages in excess of $15,000.00, together with interest, penalties, and costs;

2. For an award of pre- and post-judgment interest;

3. For costs and attorney's fees in accordance with prosecuting this action;

4. For the reasonable value of necessary medical care, treatment, and services received;

5. For the reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

6. For mental, physical, and emotional pain and suffering experienced and with reasonable probability will be experienced in the future; and

7. Any other relief deemed just and equitable by the Court.

Dated this 2nd day of February, 2024.

                                            KAPLAN YOUNG

                                            /s/ Kory L. Kaplan
                                            KORY L. KAPLAN, ESQ.
                                            Nevada Bar No. 13164
                                            10091 Park Run Drive, Suite 190
                                            Las Vegas, Nevada 89145
                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>2nd</u> day of February, 2024, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*Attorneys for Defendants, Schindler Elevator Corporation & The Crystals Las Vegas, LLC*

EVANS FEARS & SCHUTTERT LLP
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: alayton@efstriallaw.com
Email: psilva@efstriallaw.com

/s/ Allison Hardy
An employee of Kaplan Young